CORNELL SMITH,

        Petitioner,

  v.                                        Case No. 24-cv-1326-pp

NICHOLAS SANCHEZ, *et al.*,

        Respondents.

**ORDER ADOPTING JUDGE JOSEPH'S REPORT AND RECOMMENDATION (DKT. NO. 5), DISMISSING CASE WITHOUT PREJUDICE AND DENYING AS MOOT PETITIONER'S MOTION TO AMEND STATEMENT OF RELIEF (DKT. NO. 9) AND PETITIONER'S MOTION TO DISMISS (DKT. NO. 10)**

        On October 22, 2024, Magistrate Judge Nancy Joseph issued a report recommending that plaintiff Cornell Smith's petition for writ of *habeas corpus*, filed under 28 U.S.C. §2254, be dismissed without prejudice. Dkt. No. 5. Judge Joseph concluded that the petitioner had incorrectly filed a *habeas corpus* petition instead of a civil rights complaint under 42 U.S.C. §1983, and she applied Seventh Circuit precedent instructing this court to dismiss the case without prejudice. Id. at 2 (citing Moore v. Pemberton, 110 F.3d 22 (7th Cir. 1997); Copus v. Edgerton, 96 F.3d 1038 (7th Cir. 1996)). The court mailed that order to the plaintiff at Waupun Correctional Institution, where he is incarcerated.

        Seven days later, on October 29, 2024, the court received from the petitioner a motion to amend his statement of relief, in which he advised the

court that he was seeking, among other things, transfer to a pre-release center, reimbursement of back pay for his prison job, reinstatement of his early parole, costs and fees, termination of DOC personnel and compensatory and punitive damages. Dkt. No. 9. The petitioner dated this filing October 28, 2024. Id. at 12, 13.

On November 4, 2024—thirteen days after Judge Joseph issued her order—the court received from the petitioner a one-page motion dated November 3, 2024, titled "Petitioner's Motion and Notice of Motion to Dissmissed [sic]." Dkt. No. 10. The motion consists of two paragraphs and cites Fed. R. Civ. P. "12(a), (b). Sub. (4). Insufficient process." Id. The second paragraph states, "The Petitioner's accepted the District Court's recommendation and instruction. And, requested two(2) civil complaints." Id.

The petitioner appears to be asking the court to dismiss the *habeas* petition because he understands and accepts Judge Joseph's recommendation. He appears to acknowledge that he should have filed a §1983 civil rights lawsuit rather than a *habeas* petition, and appears to be asking the court to send him two, blank civil complaint forms. The court will send the plaintiff the forms he seeks, but the plaintiff should be aware that he is a restricted filer. Section 1915(g) of Title 28 states that "[i]n no event shall a prisoner bring a civil action . . . or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismised on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

2

granted, unless the prisoner is under imminent danger of serious physical injury." Court records show that the plaintiff has had at least three cases dismissed for one of those reasons. See Smith v. Winning, Case No. 93-cv-1009, Dkt. Nos. 11, 22 (E.D. Wis. July 5, 1994) (dismissed for failure to state a claim); Smith v. Huibregtse, Case No. 00-cv-1117, Dkt. No. 14 (E.D. Wis. June 6, 2001) (dismissed as frivolous); Smith v. Erickson, Case No. 13-cv-600, Dkt. Nos. 6, 29 (W.D. Wis. Aug. 16, 2016) (dismissed for failure to state a claim).

An incarcerated person who has had three cases dismissed for those reasons—who has accrued three "strikes"—must pre-pay the full $405 filing fee for a §1983 case unless he can establish that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). If the plaintiff decides to file a §1983 case, he must pay the $405 filing fee up front (or demonstrate that he is in imminent danger of serious physical injury).

The petitioner's motion to dismiss references Fed. R. Civ. P. 12(a). That rule requires a defendant in a civil case to file a responsive pleading—an "answer"—within a certain period. It is not clear how that rule relates to the petitioner's request to the court to dismiss his *habeas* petition. It also references Fed. R. Civ. 12(b)(4). That rule allows a defendant to file a motion to dismiss a complaint if the plaintiff effected "insufficient process." But in a *habeas* proceeding, the Clerk of Court does not serve the *habeas* petition on the respondent until the court has screened that petition. See Rule 4, Rules Governing Habeas Corpus Cases Under Section 2254 (requiring the clerk to serve the petition and any order on the respond and attorney general if the

3

petition is not dismissed on screening). In this case, the court has not screened the petition and allowed the petitioner to proceed on any *habeas* claims, so the clerk of court has not served the petition (as is appropriate).

It appears that what the petitioner seeks is voluntary dismissal of his petition. Fed. R. Civ. P. 41(a)(1) allows a plaintiff in a civil case to voluntarily dismiss his complaint without a court order if he files a notice of dismissal before the opposing party answers. A court also may allow a plaintiff to voluntarily dismiss a case "on terms that the court considers proper." In this case, the petitioner appears to be acknowledging that the relief he seeks is not available to him in a *habeas* petition and asks to voluntarily dismiss for that reason. It would have been appropriate for the court to dismiss the petition on that basis.

But the petitioner's motion to dismiss is unnecessary, because he did not object to Judge Joseph's recommendation and her analysis is not erroneous. A district court must conduct a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999); see also Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). The Seventh Circuit has held that "[i]f no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Johnson, 170 F.3d at 739 (citations omitted).

Judge Joseph recommended that this court dismiss the *habeas* petition without prejudice because the petitioner was not seeking release or asking the court to vacate his sentence:

> Apart from [the petitioner's] deficient motion to proceed [without prepaying the filing fee] [he] does not indicate what state court judgment he is challenging, nor does he request release from incarceration or to vacate his conviction or sentence. Rather, [the plaintiff] alleges the Respondents conspired to deprive him of his constitutional rights, denied him medical care, maintained false and inaccurate information in his records, and seeks monetary relief. (Docket # 1.) Monetary relief, however, is not available in a habeas action.

Dkt. No. 5 at 1. Judge Joseph concluded that the petitioner was seeking to vindicate his rights under 42 U.S.C. §1983.

The court agrees with Judge Joseph and adopts her analysis. The petitioner did not answer most of the questions on the form *habeas* petition, writing "DNA" in the fields seeking information about the judgment of conviction he was challenging and "0" in the fields asking about any prior federal challenges. Dkt. No. 1 at 4-8, 11-13. At the end of the petition, he asked for $20,000,000,000 in compensatory damages for alleged violations of his rights under the First, Fourth, Fifth, Eighth, and Fourteen Amendments. Id. at 14. The petition gives no indication that the petitioner is attacking his conviction; it states that between 2005 and 2024, the "Defendants/Respndents' [sic] conspired too denied, deprived, and stripped away [the petitioner's] civil and constitutional rights . . . ." Id. at 8. That is a claim that the named individuals violated the petitioner's civil rights in violation of 42 U.S.C. §1983.

5

The petitioner's motion to amend his statement of relief supports that conclusion. The motion references $10,000,000,000 dollars, the reinstatement of early parole, a cellular phone and $700 in the canteen. Dkt. No. 9 at 2. The petitioner complains that the respondent's attorney retaliated against him by tracking down his "two(2) evil biollogical [sic] sisters." Id. It appears that the petitioner may be challenging an earlier decision by Judge Griesbach in a civil case and/or challenging work rules set by the Department of Corrections. Id. at 3-5. The petitioner discusses his inmate accounts, although it is not clear why. Id. at 6. Finally, his request for relief continues to seek compensation for all of his lost civil cases and appeals, medical relief, a new cell phone and movie channels, a reversal of all decisions by the respondents, backpay for all prison jobs, reinstatement of early parole "that was never denied just refused," court costs in the amount of $8,000,000, the "permanent termination" and revocation of medical licenses of DOC employees, an additional $3,000,000,000 for the violation of court orders, and $5,000,000,000 in punitive damages. Id. at 13.

The petitioner has not stated claims cognizable on *habeas* review and has sought relief not available to *habeas* petitioners. The petitioner already may have attempted to refile his claims as a civil case in Smith v. Sanchez, 24-cv-1445-pp (E.D. Wis. Nov. 12, 2024). In that case, the court has instructed the petitioner to pay the full $405 filing fee by December 31, 2024 or face dismissal of the case without prejudice based on his restricted filing status. Id. at Dkt. No. 4.

The court **ADOPTS** Judge Joseph's report and recommendation. Dkt. No. 5.

The court **ORDERS** that the *habeas* petition, and this case, are **DISMISSED** without prejudice. The clerk will enter judgment accordingly.

The court **DENIES AS MOOT** petitioner's motion to amend statement of relief. Dkt. No. 9.

The court **DENIES AS MOOT** petitioner's motion to dismiss. Dkt. No. 10.

Dated in Milwaukee, Wisconsin this 23rd day of December, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**